# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TESS SHELTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-740-SMY |
| AMAZON.COM LLC, SCIOTO LLC, and CHARLES SOUTHERLAND, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tess Shelton filed a *pro se* Complaint against Defendants Amazon.com LLC, Scioto LLC, and Charles Southerland (collectively "Defendants"). She asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). The case is now before the Court for consideration of Defendants' Motion to Dismiss (Doc. 12). Plaintiff has not filed a response. For the following reasons, Defendants' Motion (Doc. 12) is **GRANTED**.

### Background

Plaintiff makes the following relevant allegations in the Complaint: She was employed by Amazon and Scioto LLC as a general cleaner, lead cleaner and supervisor. Beginning in September 2016, until she was terminated on January 4, 2017, Plaintiff was harassed, bullied, retaliated against and discriminated against due to her sexual orientation. As to Defendant Southerland, Plaintiff alleges he made unwelcomed sexual advances and comments towards her.

Plaintiff attached to her Complaint three Charges of Discrimination that she filed with the Illinois Department of Human Rights ("IDHR"). The first Charge (dated September 23, 2017)

was filed against Defendant Southerland.  The second Charge (dated September 23, 2017) was directed against Defendant Amazon.  The Amazon Charge was received by the IDHR on September 28, 2017.  The last Charge (dated April 23, 2018) was filed against Defendant Scioto.  The Scioto Charge was received by the IDHR on April 24, 2018.

Defendants contend that Plaintiff's claims must be dismissed under *FRCP* 12(b)(6) because they are untimely.  Specifically, Defendants maintain that Plaintiff failed to file a Charge of Discrimination within the relevant 300-day limitations period as to the Scioto Charge and failed to initiate this action within the 90 days after receiving her right-to-sue letters.

## **Discussion**

In deciding a Rule 12(b)(6) motion, a court may consider "documents attached to a motion to dismiss...if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). "Although generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the court can dismiss a complaint as untimely if the plaintiff has admitted the elements of the affirmative defense."  *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015).

A plaintiff claiming discrimination must file a Charge of Discrimination with the EEOC within 300 days of the alleged adverse employment action for a Title VII claim.  42 U.S.C. § 2000e–5(e); *see also* 42 U.S.C. § 12117 (ADA provision adopting the exhaustion procedures set forth in Title VII, 42 U.S.C. § 2000e-5).  If a charge is not timely filed, "the employee may not challenge the [alleged unlawful employment] practice in court."  *Chaudhry v. Nucor Steel– Indiana,* 546 F.3d 832, 836 (7th Cir. 2008).

Additionally, a civil action alleging a Title VII or ADA claim must be filed within 90 days of receiving a right-to-sue notice from the EEOC.  *Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848,

849-50 (7th Cir. 2001)). "The 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is received either by the claimant or by the attorney representing him [or her] in the Title VII action." *Id*. at 850. Courts have applied a presumption that a plaintiff receives an EEOC notice between three and five days after issuance when the date of receipt is either unknown or dispute. *See, Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1 (1984); *see also Lloyd v. Sullivan,* 882 F.2d 218 (7th Cir. 1989) (stating, in context of Social Security Administration determination appeal, "unless proven otherwise, the receipt date is presumed to be five days from the mailing date"): *Jackson v. F.B.I.,* 2007 WL 2492069, *5 (N.D. Ill. Aug. 28, 2007) (citing *Lloyd* and applying five day presumption in context of receipt of EEOC right-to-sue letter in Title VII case).

First, Defendants argue, correctly, that there is no individual liability under Title VII. *See EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279–82 (7th Cir.1995). Accordingly, Plaintiff's claims against Defendant Southerland fail as a matter of law.

Turning to Plaintiff's claims against Defendants Scioto and Amazon, the Court finds that these claims are time-barred. Plaintiff alleges the discrimination took place between September 2016 and January 2017. However, she did not file her Charge against Defendant Scioto until April 23, 2018 – over 474 days after the last date of the alleged unlawful employment practices. With respect to the charge Plaintiff filed against Amazon, the EEOC issued a Dismissal and Notice of Rights on April 4, 2019. Plaintiff, however, did not initiate this action until July 9, 2019 – 96 days after the EEOC issued the right-to-sue letter. Even assuming it took Plaintiff five days to receive the right-to-sue notice, her lawsuit was still untimely.

For the foregoing reasons, Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: April 1, 2020**

**STACI M. YANDLE**
**United States District Judge**